MARTHA CRAIG DAUGHTREY,
Circuit Judge, concurring in part and dissenting in part.
I agree with the majority’s prediction that, if confronted with the dispositive le *256 gal issue in this late-notice case, the Kentucky Supreme Court would extend to excess-liability insurers such as the defendant the rule in Jones v. Bituminous Casualty Corporation, 821 S.W.2d 798, 803 (Kentucky.1991), that requires a demonstration of prejudice. On the other hand, I also concur in the district court’s determination that the notice in this case was 16 years late. Given the extreme lateness of notice by plaintiff—in the face of the clear import of Part 7(d)(4) of the agreement, as well as signs along the way that excess liability might well arise—it seems only fair that the court impose a rebuttable presumption that the delay caused prejudice and let the plaintiff bear the burden of establishing that it should be allowed to recover despite its obvious failure to honor the terms of its contract with the defendant.
For that reason, I, too, would remand but with slightly different directions to the district court.